**BIENVENIDO SHIPPING CO., Ltd.,**
**Libelant,**

v.

**The SUB-FREIGHTS OF THE S.S. AN-DORA and United Steamship Corporation, Respondent.**

**No. 20594.**

United States District Court
E. D. New York.

Sept. 13, 1957.

On Motions For Reargument and Other Relief Feb. 13, 1958.

Hill, Betts & Nash, by Donald B. Allen, New York City, for libelant.

Zock, Petrie, Sheneman & Reid, by Anthony N. Zock, New York City, for respondent, United Steamship Corp.

RAYFIEL, District Judge.

There are two motions before me; one, by the respondent, United Steamship Corporation, hereinafter called United, to stay all proceedings herein until the termination of a certain arbitration now pending in London, England; and the other, by the libelant, to direct that a certain fund of $78,000, heretofore deposited by United as security, be paid to the libelant forthwith.

The libelant is the owner of a vessel named the "Andora". On April 6, 1956

it entered into a time charter of the vessel with United for a period of twelve months, under an agreement known as "A Government form approved by the New York Produce Exchange, as amended October 3, 1946." The agreement provided that United was to pay the libelant for hire of the vessel the sum of $26,215.00 semi-monthly in advance for the duration of the charter. It also contained provisions to the effect that all disputes which arose between the parties were to be arbitrated by a panel of three arbitrators in London, England, and that the libelant was to have a lien on all cargoes and sub-freights for any amount due it under the charter.

Prior to the termination of the period of the charter certain disputes and differences arose between the parties, and United withheld the payment of three semi-monthly installments aggregating $78,645. Three arbitrators were appointed pursuant to the agreement, but before hearings began the libelant commenced this action to recover the said sum of $78,645, representing the aforementioned three installments which had been withheld by United. It also attached various funds due and owing to United, including certain sub-freights due the vessel from a concern known as Luria Brothers & Co. Inc.

United now seeks, pursuant to Section 3 of Title 9 United States Code, to stay the libelant from proceeding with the action on the ground that *all disputes* between the parties were to be arbitrated by the panel appointed for that purpose in London.

■ I am satisfied that the issues involved in the suit in question are referable to arbitration under the aforementioned agreement of April 6, 1956, and accordingly United's motion for a stay of the trial herein pending the arbitration is granted.

■ Libelant's motion to direct the payment forthwith of the sum of $78,000, which it claims is due it for hire of its vessel, is denied. Its right thereto is one of the issues to be determined by the arbitration.

**On Motions For Reargument
And Other Relief**

There are three motions; one by the libelant, for limited reargument of my decision of September 13, 1957, regarding the sub-freights of the S.S. Andora; the other two, by the respondents, (1) to direct the libelant to pay into the registry of this Court the sum of $35,625.99, pursuant to Supreme Court Admiralty Rule 50, 28 U.S.C.A., and (2) to direct that the attachment against the sub-freights of the S. S. Andora be vacated and that Luria Bros. & Co. Inc., who have possession thereof, pay the sum of $14,642.72 to the respondent United Steamship Corporation.

So far as the libelant's motion is concerned, I adhere to my decision of September 13th. I denied the libelant's motion for an order directing that the sum of $78,000, deposited by the respondents as security, be paid to the libelant.

■■ It is my opinion the libelant is not entitled to have the sub-freights, held by Luria Bros. & Co. Inc., paid over to it. Paragraph 18 of the time charter, dated April 6, 1956, provides that the owner (libelant) shall have a *lien* upon all cargoes and sub-freights for the amounts due under the charter. That does not mean that the owner's right to such funds is absolute, and that the respondents may not assert defenses to the claim thereto. See Hall Corporation of Canada v. Cargo Ex Steamer Mont Louis and Subfreights Thereon, 2 Cir., 62 F.2d 603. The owner is now in an even better position than a lienor would be since respondents have deposited into the registry of this Court the *full* amount claimed in the libel, and, if the libelant is successful in the arbitration provided for in the time charter, it will have recourse to those funds. To direct Luria Bros. & Co. Inc., to pay over the sub-freights would, in effect, be exercising part of the functions of the arbitrators, who, under the charter agreement, are to determine the claims and the rights of the parties. The libelant's motion is, therefore, denied.

■ In view of the fact that the respondent United Steamship Corporation has deposited the full amount claimed in the libel, there is no justification for the continuance of the attachment on the sub-freights held by Luria Bros. & Co. Inc., and accordingly the attachment is vacated, and the motion to direct payment of the said sub-freights to United Steamship Corporation is granted.

I come now to United Steamship Corporation's motion to direct the libelant to pay into the registry of the Court the sum of $35,625.99. Rule 50 of the Supreme Court Admiralty Rules provides: "Whenever a cross-libel is filed upon any counterclaim arising out of the same contract or cause of action for which the original libel was filed, and the respondent or claimant in the original suit shall have given security to respond in damages, the respondent in the cross-libel shall give security in the usual amount and form to respond in damages to the claims set forth in said cross-libel, unless the court for cause shown, shall otherwise direct; and all proceedings on the original libel shall be stayed until such security be given unless the court otherwise directs."

■ As stated in Benedict on Admiralty, Sixth Edition, Volume 2, page 458, "The application of the rule is qualified by the proviso 'unless the court, for cause shown, shall otherwise direct', which involves a broad discretion." Yet the very purpose of the rule was to put the parties on an equal basis as to security. See Washington-Southern Navigation Company v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638, 44 S.Ct. 220, 68 L.Ed. 480. The libelant, through attachment, has obtained security for the payment of any award which it might obtain by virtue of the arbitration. The respondents should be placed in no worse position, and, accordingly, the motion is granted, and the libelant is directed to post a bond in the sum of $35,625.99 or deposit that sum in the registry of this Court.

As this decision was in preparation I received a letter from the proctors for the libelant, dated February 10, 1958, setting forth reasons why the libelant should be permitted to submit additional evidence in support of its application. The request, in my opinion, is lacking in merit.

Settle order on notice.